```
1
2
3
4
5
6
7            IN THE UNITED STATES DISTRICT COURT
8               FOR THE DISTRICT OF ARIZONA
```

**ALLAN DWAYNE LAIRD,**         )
      **Plaintiff,**           )
      **vs.**                  )   CIV 05-03847 PHX JAT MEA
                              )
**JOSEPH ARPAIO,**              )   REPORT AND RECOMMENDATION
                              )         FOR DISMISSAL
      **Defendant.**           )      WITHOUT PREJUDICE
_____)

      Plaintiff filed his complaint on November 29, 2005. On December 7, 2005, the Court issued an order requiring Plaintiff to complete and return a service packet for Defendant to the Court by December 27, 2006. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure. Plaintiff has not returned a service packet to the Court for Defendant.

      Plaintiff was warned that his failure to acquire a waiver of service from Defendant or to complete service of process on Defendant within 120 days of the date that he filed his complaint, by March 28, 2006, would result in the dismissal of the complaint pursuant to Rule 4(m), Federal Rules of Civil Procedure, and Rule 16.2(b)(2)(B), of the United States District Court for the District of Arizona Local Rules of Civil

Procedure. The civil docket in this matter indicates that Plaintiff has failed to acquire a waiver of service from Defendant or to complete service of process on Defendant.

Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona requires prisoner-litigants to comply with instructions attached to the Court-approved complaint form for use in section 1983 actions. Those instructions provide: "You must immediately notify the clerk ... in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case."

On April 3, 2006, the Court allowed Plaintiff until April 21, 2006, to show cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's order of December 7, 2005, and Plaintiff's failure to effect service of process on Defendant as required by the Court's order of December 7, 2005, and Rule 4, Federal Rules of Civil Procedure. Plaintiff was apparently released from the custody of the Arizona Department of Corrections prior to April 11, 2006.[1]  See Docket No. 6. Plaintiff has not provided the Court with his current address. Plaintiff has failed to show cause for his failure to abide by the Court's orders and to effect service of process on Defendant.

---

[1] Because Plaintiff was released from custody, Plaintiff is obligated to pay the filing fee for his section 1983 action within one month of being released from custody.

**THEREFORE**, **IT IS RECOMMENDED that** this case be dismissed for Plaintiff's failure to serve the Defendant in this matter and for Plaintiff's failure to comply with the Court's order of December 7, 2005.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 24th day of April, 2006.

_____
Mark E. Aspey
United States Magistrate Judge